UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT LEAKE,            ) | |
| ) | |
| Plaintiff,           ) | |
| ) | |
| v.                  ) | Civil Action No. 1:23-cv-00178 (UNA) |
| ) | |
| SUPERIOR COURT OF DC,   ) | |
| ) | |
| Defendant.           ) | |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, alleging violation of his Sixth Amendment right to speedy trial, and application for leave to proceed *in forma pauperis*, ECF No. 2. Plaintiff's *in forma pauperis* application will be granted and his complaint will be dismissed without prejudice for lack of jurisdiction and for failure to state a claim. *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

Plaintiff is a federal inmate currently incarcerated at the Federal Correctional Institution in Terre Haute, Indiana. He is a D.C. Code offender who was convicted in the Superior Court of the District of Columbia in Case No. 2016 CF2 000770. The complaint is not a model in clarity, but it appears that plaintiff challenges a detainer or warrant that has been since lodged in those Superior Court proceedings, pending while he serves the sentence for the underlying conviction. As far as it can be understood, plaintiff argues that the government's alleged failure to resolve that detainer or warrant now, rather than when he is released from his current confinement, is a violation of his Sixth Amendment right to speedy trial. He contends that he has attempted to seek relief in the District of Columbia local courts to no avail. As a result, he maintains that he is entitled to the dismissal of those criminal proceedings. He also demands fees and damages.

First, to the extent that plaintiff alleges that he is custody in violation of the Constitution, he must seek relief pursuant to 28 U.S.C. § 2241. However, his "immediate custodian," and not the D.C. Superior Court, is the proper defendant in a § 2241 action. *See Rumsfield v. Padilla*, 542 U.S. 426, 434–35 (2004); *see also Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) ("[T]he appropriate defendant in a habeas action is the custodian of the prisoner.") (citing *Chatman-Bey v. Thornburg*, 864 F. 2d 804, 810 (D.C. Cir. 1988) (en banc)). Moreover, "a district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction," *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004); *see Day v. Trump*, 860 F.3d 686, 691 (D.C. Cir. 2017) (affirming dismissal for want of jurisdiction where the District of Columbia was not "the district of residence of [plaintiff's] immediate custodian for purposes of § 2241 habeas relief"). Therefore, plaintiff must file for such relief in the Southern District of Indiana. *See Robertson v. Merola*, 895 F. Supp. 1, 5 (D.D.C. 1995) (dismissing plaintiff's claims for, *inter alia*, violation of his Sixth Amendment rights, arising from an alleged delay in processing his pending detainers, because this District was "without jurisdiction to entertain any challenge to the fact or duration of Plaintiff's confinement as such claims are within the exclusive province of habeas corpus and would therefore have to be brought in the jurisdiction encompassing the place of confinement.").

Second, this court generally lacks jurisdiction to review the actions of the Superior Court or the D.C. Court of Appeals. *See Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995) (following *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)). This is particularly true here because, as stated by plaintiff, the applicable proceedings are "active," and this court may not violate the fundamental policy against federal interference with ongoing state

criminal prosecutions. *Younger v. Harris*, 401 U.S. 37, 46. (1971); *see also* 28 U.S.C. § 2244(d)(1)(a), (d)(2).  Thus, plaintiff must again attempt to file for relief regarding the alleged outstanding detainer or warrant in the District of Columbia local courts.  *See Ciacci v. Hogan*, 2012 WL 2501027, at *1 (D.D.C. June 22, 2012) (collecting cases and dismissing plaintiff's claims based on the *Younger* abstention doctrine where plaintiff alleged that his Sixth Amendment right to speedy trial was violated because he had "yet to appear in court on [a] warrant[.]"), *appeal dismissed*, No. 12–5224, 2012 WL 5896801 (D.C. Cir. Oct. 31, 2012).

Third, with respect to plaintiff's demand for damages, "if plaintiff is attempting to claim that the alleged delay in processing his detainers rendered" his criminal proceedings invalid, *Robertson*, 895 F. Supp. at 5, or otherwise resulted in his current purported "unconstitutional . . . imprisonment," *Heck v. Humphrey,* 512 U.S. 477, 486 (1994), "he cannot pursue such a claim unless and until he has succeeded in overturning" either his underlying or future possible convictions, *see Robertson*, 895 F. Supp. at 5 (citing *Heck,* 512 U.S. at 486–87; *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)); *see Ciacci*, 2012 WL 2501027, at *1 (finding same) (citing *Heck,* 512 U.S. at 486–87).  Plaintiff has made no such showing here.

Finally, the D.C. Superior Court is *non sui juris*.  *Kundrat v. Dist. of Columbia*, 106 F. Supp. 2d 1, 4–8 (D.D.C. 2000) (collecting cases);  *Hoai v. Superior Court of the District of Columbia*, 539 F. Supp. 2d 432, 435 (D.D.C. 2008) ("naming the D.C. courts, and their components, as defendants does not save plaintiffs' claims because those entities are *non sui juris*"); *see Miller v. Marriott Int'l LLC*, No. 19-7053, 2019 WL 6492628, at *1 (D.C. Cir. Nov. 15, 2019) ("With respect to . . . the District of Columbia Superior Court, the district court correctly concluded that . . . [it] may not be sued in [its] own name[.]").

For all of these reasons, this action will be dismissed without prejudice for want of jurisdiction and failure to state a claim. The court is, for the same reasons explained above, without jurisdiction to rule on plaintiff's motion to compel, ECF No. 4, the Superior Court to dismiss his criminal proceedings, therefore, it is denied. A separate order accompanies this memorandum opinion.

Date:  March 1, 2023                             _____/s/_____
                                                 RUDOLPH CONTRERAS
                                                 United States District Judge